**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MARIO WILLIAMS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 22-032-RAW-KEW |
| | ) |
| **STEVEN HARPE, DOC Director,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. (Dkt. 9). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma. He is attacking his conviction in Okmulgee County District Court Case No. CRF-93-180 for Murder in the First Degree (Count One). He raises the following grounds for relief:

I. The Oklahoma Court of Criminal Appeals (OCCA) overlooked clearly established federal law as to the issue of retroactivity of subject matter jurisdiction claims regarding *McGirt v. Oklahoma*, 591 U.S. __, 140 S. Ct. 2452 (2020).

II. The OCCA did not consider the fact that a conviction could not become final, because the state courts were not courts of competent jurisdiction.

III. The OCCA did not apply Oklahoma's Enabling Act in its decision.

IV. The OCCA failed to acknowledge federal law interpreting the definition of an Indian for the purpose of federal jurisdiction.

(Dkt. 1 at 5-10).

**I.   Procedural History**

The record shows that Petitioner was charged and convicted in Case No. CRF-93-180 for Murder in the First Degree (Count One) and Assault and Battery with a Dangerous Weapon (Count Two). (Dkt. 10-1). He was sentenced to life imprisonment without the

possibility of parole for Count One and 20 year's imprisonment for Count Two. (Dkt. 10-1). His Judgment and Sentence was entered on June 7, 1994. *Id.*

Petitioner appealed his convictions to the OCCA, raising eight grounds for relief:

1. The State failed to meet its burden of proving beyond a reasonable doubt that [Petitioner] was not acting in self-defense.

2. In the alternative, the State's evidence was insufficient to prove the specific intent element of Murder in the First Degree.

3. [Petitioner's] conviction of Assault and Battery with a Deadly Weapon must be reversed, because the trial court failed to properly instruct the jury on all the essential elements of the offense.

4. The State's evidence was insufficient to support [Petitioner's] conviction for Assault and Battery with a Deadly Weapon.

5. [Petitioner's] sentence for Assault and Battery with a Deadly Weapon is invalid, because the trial court failed to instruct the jury on the punishment range for the offense.

6. [Petitioner] was denied a [sic] due process of law by the improper use of his statements in the State's rebuttal evidence.

7. [Petitioner] was denied a fair trial by prosecutorial misconduct.

8. [Petitioner] was denied his constitutional right to the effective assistance of counsel.

(Dkt. 10-2).

On November 17, 1995, the OCCA affirmed Petitioner's conviction for Murder in the First Degree, but reversed and remanded his conviction for Assault and Battery with a Deadly Weapon[1] in Case No. F-94-895. (Dkt. 10-3). Following remand, the State of Oklahoma filed a dismissal of Count Two on August 22, 1997. (Dkt. 10-4 at 1).

On September 21, 1998, Petitioner filed his first post-conviction application, alleging he was "deprived of effective assistance of counsel at trial in violation of the Sixth and

---

[1] Petitioner's Judgment and Sentence for Count Two indicates he was convicted of Assault and Battery with a *Dangerous* Weapon. (Dkt. 10-1 at 3).

Fourteenth Amendment [sic]." (Dkt. 10-5). On February 10, 1999, the district court denied the application. (Dkt. 10-4). The court, however, acknowledged the dismissal with prejudice of Count Two for Assault and Battery with a Deadly Weapon. (Dkt. 10-4 at 1). Petitioner appealed this decision to the OCCA, which dismissed his appeal as untimely on May 14, 1999 in Case No. PC-99-371. (Dkt. 10-6).

Almost two years later, on April 24, 2001, Petitioner filed a second application for post-conviction Relief, alleging his appeal to the OCCA from the denial of his first post-conviction application was untimely through no fault of his own. (Dkt. 10-7). The district court denied Petitioner's post-conviction application on December 11, 2001. (Dkt. 10-8).[2]

More than 19 years later, on April 26, 2021, Petitioner filed a third application for post-conviction relief, wherein he alleged the state lacked subject-matter jurisdiction to try him, because the Major Crimes Act gave the federal government exclusive authority to prosecute crimes committed by Indians in Indian Country, or crimes against Indians in Indian Country. (Dkt. 10-10). Petitioner asserted the victim in his case was presumed to be a non-Indian, when he should have been classified as an Indian by adoption. (Dkt 10-10 at 3-4).

The third post-conviction application was denied by the district court on August 26, 2021, on the basis that Petitioner "failed to make the necessary showings" that he or his victim, an alleged Choctaw Freedman, had any Indian ancestry. (Dkt. 10-11 at 3). In addition, the district court held that the OCCA's ruling in *State ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021), precluded a retroactive application of *McGirt*. *Id.* Petitioner appealed the denial of his application to the OCCA, which affirmed the state district court's

---

[2] Petitioner filed a Notice of Intent to Appeal on December 21, 2001, however, he never perfected an appeal to the OCCA challenging the denial of this post-conviction application. (Dkt. 10-9, Docket Sheet for Okmulgee Case No. CRF-1993-180).

decision on January 4, 2022, in Case No. PC-2021-964. (Dkt. 10-12).

Petitioner filed this petition for a writ of habeas corpus on January 28, 2022. (Dkt. 1).

## II. Statute of Limitations

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have a one-year statute of limitations to seek a writ of habeas corpus from federal courts, running from the latest of four triggers:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A.   Timeliness Under 28 U.S.C. § 2244(d)(1)(A)

Respondent alleges Petitioner failed to file his petition within the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). As stated above, the OCCA affirmed Petitioner's conviction for Murder in the First Degree (Count One) on November 17, 1995. (Dkt. 10-3). In cases involving an appeal to the OCCA, a conviction becomes final upon

expiration of the 90-day period for a certiorari appeal to the United States Supreme Court. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007). On February 15, 1996, Petitioner's Judgment and Sentence for Murder in the First Degree became final, as he did not seek a writ of certiorari from the U.S. Supreme. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the U.S. Supreme Court has passed). The statutory year began to run the next day on February 16, 1996, and it expired on February 16, 1997. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the Judgment and Sentence becomes final and ends on the anniversary date).

Because Petitioner's conviction became final before enactment of the AEDPA on April 24, 1996, he had until April 24, 1997, to initiate a federal habeas action. *See United States v. Hurst*, 322 F.3d 1256, 1230-61 (10th Cir. 2003); *Hoggro v. Boone*, 150 F. 3d 1223, 1226 (10th Cir. 1998). His habeas corpus petition, filed on January 28, 2022, was untimely.

### B.  Tolling Under 28 U.S.C. § 2244(d)(2)

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed state application for post-conviction relief or other collateral review of the judgment at issue is pending. "Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (citing *Burger v. Scott*, 317 F.3d 1133, 1136-37 (10th Cir. 2003); *Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003).

Petitioner did not begin to seek post-conviction relief until after his statutory year expired. He filed his first application for post-conviction relief on September 21, 1998, more than a year after his limitations period ended. (Dkt. 10-5). Because that application was filed

after the expiration of the limitations period under 28 U.S.C. § 2244(d), Petitioner cannot use it to resuscitate an already-lapsed limitations period. *Fisher v. Gibson*, 262 F.3d at 1142-43 (10th Cir. 2001). *See also May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (noting that AEDPA's one-year period "is tolled or suspended during the pendency of a state application for post-conviction relief properly filed *during* the limitations period" (emphasis added) (citing 28 U.S.C. § 2244(d)(2)).

### C.     Tolling Pursuant to 28 U.S.C. § 2244(d)(1)(C)

Petitioner asserts that in light of the Supreme Court's decision in *McGirt*, the one-year statute of limitations of § 2244(d) does not bar the petition, and his petition is timely. (Dkt. 1 at 13). Construing Petitioner's allegations liberally, they could be read to argue that *McGirt* announced a new, retroactive, constitutional right, sufficient to provide a new triggering date under § 2244(d)(1)(C). Any such argument, however, must fail. Indeed, federal district courts in Oklahoma, tasked with addressing claims relying upon *McGirt*, have uniformly denied claims that the decision established a new commencement date under § 2244(d)(1)(C):

> Courts in this Circuit . . . have rejected the proposition that the date of the *McGirt* decision should be used as the commencement date under § 2244(d)(1)(C) for habeas challenges to state-court jurisdiction. *See, e.g., Littlejohn v. Crow*, No. 18-CV-0477, 2021 WL 3074171, at *5 (N.D. Okla. July 20, 2021) ("But [28 U.S.C. § 2244(d)(1)(C)] does not apply because the Supreme Court did not recognize any constitutional rights in *McGirt*."), [*certificate of appealability denied*, No. 21-5060, 2021 WL 5072980 (10th Cir. Nov. 2, 2021)]; *Sanders v. Pettigrew*, No. CIV-20-350, 2021 WL 3291792, at *5 (E.D. Okla. Aug. 2, 2021) (concluding that *McGirt* "did not break any new ground" or "recognize a new constitutional right, much less a retroactive one"); *accord Berry v. Braggs*, No. 19-CV-0706, 2020 WL 6205849, at *7 (N.D. Okla. Oct. 22, 2020).

*Jones v. Pettigrew*, CIV-18-633-G, 2021 WL 3854755 *3 (W.D. Okla. Aug. 27, 2021), *certificate of appealability denied*, No. 21-6106, 2022 WL 176139 (10th Cir. 2022).

Based on the above authority, § 2244(d)(1)(C) does not provide Petitioner a new

6

triggering date for filing of his habeas petition. Moreover, he does not appear to invoke § 2244(d)(1)(B) or § 2244(d)(1)(D). Therefore, Petitioner is not entitled to statutory tolling.

### D. Equitable Tolling

Petitioner does not allege he is entitled to equitable tolling in the petition or in his response to the motion to dismiss (Dkt. 11). Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). After careful review, the Court finds Petitioner has failed to meet this burden.

Petitioner also has not alleged he is actually innocent of the crime. Petitioner's jurisdictional claims are, at best, claims of legal innocence, not factual innocence. *See Jones*, No. CIV-18-633-G, 2021 WL 3854755, at *4 (*McGirt*-based jurisdictional claims did not implicate actual innocence)

## III. Conclusion

After careful review, the Court finds Petitioner's petition (Dkt. 1) is time-barred under 28 U.S.C. § 2244(d), and Respondent's motion to dismiss (Dkt. 9) must be GRANTED.

## IV. Certificate of Appealability

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss time barred petition (Dkt. 9) is

GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 21st day of February 2023.

Ronald A. White
United States District Judge
Eastern District of Oklahoma